IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK E. DORKO, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12−cv−1137−MJR-SCW |
| | ) |
| **K. MUSGRAVE AND JANIS JOKISCH** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to 42 U.S.C. § 1983, Plaintiff Frank E. Dorko brought this action for deprivations of his constitutional rights that allegedly occurred at Lawrence Correctional Center. Plaintiff made allegations against several Defendants in his original complaint, filed on July 30, 2012. Prior to threshold review, Plaintiff filed an Amended Complaint on September 26, 2012. **(Doc. 2).** After threshold review, the claims against Defendants Musgrave and Jokisch were spun off into a separate case, and the Amended Complaint was docketed on October 30, 2013. **(Doc. 2).** However, for the purposes of this Order, the Court will construe the Amended Complaint as being filed on September 26, 2012. The Counts against these Defendants allege that Defendant Musgrave withheld documents and lost documents given to her for copying and processing generally; he also alleges specific incidents which occurred on March 23, 2012 and April 1, 2012. **(Doc. 2).** The Complaint further alleges that Defendant Musgrave assaulted Plaintiff by closing his food hole while his arm was still in it on July 26, 2012. **(Doc. 2).** He further alleges that Defendant Jokisch failed to bring him copies out of his master file that he needed to pursue his legal claims and restricting his access to the courts, in violation of the Sixth Amendment. **(Doc. 2).**

On February 5, 2013, Defendants Musgrave and Jokisch filed a Motion for Summary Judgment based on exhaustion of remedies. **(Doc. 19).** Plaintiff had until March 11, 2013 to respond. **(Doc. 19)** *see* **SDIL-LR 7.1(c)(1), SDIL-LR 5.1(c),**. On March 6, 2013 at a status conference, Plaintiff orally requested an extension to file a response until March 15, 2013, which was granted. **(Doc. 23)**. No response opposing summary judgment was ever filed. The motion is therefore ripe for disposition. In this judicial district, failure to timely respond to a motion may be considered an admission of the motion's merits. **SDIL-LR 7.1(c);** *Whitfield v. Snyder*, **263 Fed.Appx. 518, 521 (7th Cir. 2008).** The Court considers Plaintiff's failure to respond to the motion—in any way—such an admission. Because there is an admission to the merits of Defendant's dispositive motion means, the undersigned **RECOMMENDS** the motion be **GRANTED**, and the case **DISMISSED without prejudice**.

Even if the Court were to overlook Plaintiff's failure to oppose Defendant's motion, it is clear from the record that summary judgment is warranted here, because Plaintiff did not exhaust his administrative remedies.

### LEGAL STANDARDS

1. **Summary Judgment Standard**

Summary judgment is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.,* **648 F.3d 506, 517 (7th Cir. 2011) (citing Fed. R. Civ. P. 56(a)).** The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).** In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986).**

A Motion for Summary Judgment filed pursuant to *Pavey* typically requires a hearing to determine any contested issues regarding exhaustion and a judge may make limited findings of fact at that time. **Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).** The case may proceed on the merits only after any contested issue of exhaustion is resolved. **Pavey, 544 F.3d at 742.** In *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. **Pavey, 544 F.3d at 740-41.** A hearing will not be required where "there are no disputed facts regarding exhaustion, only a legal question." **Doss v. Gilkey, 649 F.Supp.2d 905, 912 (S.D.Ill. 2009).** Here, Plaintiff has not disputed any of Defendants' factual assertions, and therefore no hearing is required.

2. **PLRA's Exhaustion Requirement**

The affirmative defense of failure to exhaust depends on whether a plaintiff has fulfilled the Prison Litigation Reform Act's (PLRA's) exhaustion requirement, which in turn depends on the prison grievance procedures set forth in Illinois law. **See Jones v. Bock, 549 U.S. 199, 218 (2007).**

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought [under federal law] with respect to prison conditions … by a prisoner…until such administrative remedies as are available are exhausted. **42 U.S.C. § 1997e(a)**. Under the PLRA, exhaustion of administrative remedies is mandatory and unexhausted claims cannot be brought in court. **Jones v. Bock, 549 U.S. 199, 211 (2007).** The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. **Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).**

The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates follow all grievance rules established by the correctional authority. **Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).** A prisoner must therefore "file complaints and appeals in the place, and at the time, the prison's rules require." **Pozo v. McCaughtry, 268 F.3d 1022, 1025 (7th Cir. 2002).**

But the PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a).** The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. ***Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).** However, if the prisoner fails to follow the proper procedure, the grievance will not be considered exhausted. ***Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).** The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. ***Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).**

Additionally, exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).** Rather, a prisoner must wait bring a suit until he completes the exhaustion process. ***Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C. § 1997e(a))**. A Plaintiff filing an Amended Complaint likewise has to show that any new claims have been exhausted prior to the date of filing of the Amended Complaint; it is not necessary that the claims be exhausted prior to the filing of the original complaint. ***Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).** Here, Plaintiff alleged claims against Defendant Musgrave in his initial complaint, filed on July 30, 2012 based on incidents that occurred on March 23, 2012 and April 1, 2012. For the purpose of addressing whether those claims have been exhausted, the Court will consider them filed on July 30, 2012. All other claims will be considered filed on September 26, 2012

3. **Exhaustion Requirement under Illinois Law**

The Illinois Department of Corrections' (IDOC's) process for exhausting administrative remedies is laid out in the Illinois Department of Corrections Grievance Procedures for Offenders. **20 Ill. Admin. Code § 504.810.** If unable to resolve dispute with the counselor, the prisoner may

file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *Id.* The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint…[or] as much descriptive information about the individual as possible." *Id.* The grievance officer shall review the grievance and report findings and recommendations to the Chief Administrative Officer (CAO). **20 Ill. Adm. Code § 504.830(d)**. The prisoner will then have the opportunity to review the CAO's response. *Id.* If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the Administrative Review Board ("ARB") within 30 days of the CAO's decision. **20 Ill. Adm. Code § 504.850**. Completion of this process exhausts a prisoner's administrative remedies.

## ANALYSIS

Plaintiff attached many of his administrative grievances to his initial complaint. ***See Dorko v. Godinez,*** **Case No. 12-cv-857-MJR-SCW, Doc. 1.** He submitted no evidence of exhaustion, although the Court notes that Plaintiff would not have the burden of proof on that issue at the pleading stage of litigation. Plaintiff did not submit any exhibits to his Amended Complaint, although, at the time the new case was opened, the docket had a pending Motion to attach the previously submitted exhibits to the amended complaint. ***See Dorko v. Godinez,*** **Case No. 12-cv-857-MJR-SCW, Doc. 16., Doc. 36.** The Court will therefore consider those exhibits for the purposes of this Motion to the extent that they relate to the relevant claims. Defendants have submitted portions of Plaintiff's grievance file at the ARB in support of their Motion for Summary Judgment. **(Doc. 19).**

As to the Counts against Jokisch, Plaintiff's grievance file contains one grievance submitted against her dated April 18, 2012. **(Doc. 19-1, p. 6).** Plaintiff's counselor responded on May 18, 2012. **(Doc. 19-1, p.6).** It is not clear from the record whether Plaintiff appealed his counselor's

response to the grievance officer, but he appealed to the ARB on August 28, 2012. **(Doc. 19-1, p. 5)**. However, Plaintiff's grievance was returned to him for failure to provide a copy of DOC 0047. **(Doc. 19-1, p. 5)**. Additionally, the ARB questioned whether the appeal was filed in the relevant timeframe, as Plaintiff's appeal was not filed until nearly three months after he received a response on his initial grievance. **(Doc. 19-1, p. 5)**. Plaintiff has not submitted any evidence to rebut the proposition that he failed to complete the grievance procedure when he submitted his grievance to the ARB without DOC 0047. Likewise, he has not submitted any evidence that his appeal was timely. As failure to complete the process does not exhaust a prisoner's remedies, Plaintiff's claims against Jokisch must fail.

As to Musgrave, Plaintiff alleges in his Amended Complaint that he filed two grievances against her on April 8, 2012 and April 29, 2012. **(*See Dorko v. Godinez,* Case No. 12-cv-857-MJR-SCW, Doc. 1, p. 31, 35)**. Although at the pleading stage, Plaintiff does not bear the burden of proof on exhaustion, Plaintiff did not allege exhaustion as to those grievances, and submitted no other documentation other than the initial grievances and his counselor's response. Defendants have submitted an affidavit from Sherry Benton swearing that she has sent all documents in possession of the ARB relevant to this lawsuit. **(Doc. 19-1, p. 2-4)**. No documents referencing the grievances filed on April 8, 2012 or April 29, 2012 were among them, creating an inference that Plaintiff did not appeal those grievances to the ARB. The Court construes Plaintiff's lack of response to the affidavit as an admission of the merits, and therefore finds that Plaintiff did not appeal the April 8, 2012 or the April 29, 2012 grievances to the ARB, and thus, did not exhaust his remedies prior to filing suit on July 30, 2012.

Plaintiff filed another grievance against Musgrove on July 8, 2012. **(Doc. 19-1, p. 18)**. He received a response from his counselor on August 1, 2012. **(Doc. 19-1, p. 18)**. The grievance officer reviewed the July 8, 2012 grievance on October 3, 2012, approximately a week after Plaintiff

filed his Amended Complaint on September 26, 2012. **(Doc. 19-1, p. 17).** The grievance officer signed off on his decision on October 23, 2012. **(Doc. 19-1, p. 17).** Therefore, it is clear that Plaintiff did not exhaust his July 8, 2012 against Musgrave at the time he filed his Complaint because the grievance procedure was still in progress on September 26, 2012.

Plaintiff filed another emergency grievance against Defendant Musgrove on August 2, 2012 based on her alleged assault at his food hole on July 26, 2012. **(Doc. 19-1, p. 21).** There is no evidence that the CAO responded to Plaintiff's emergency grievance. **(Doc. 19-1, p. 21).** However, while failure to respond may make the grievance process unavailable, Plaintiff filed his appeal with the ARB only four days later, on August 6, 2012. **(Doc. 19-1, p. 20).** Plaintiff's grievance was rejected by the ARB on September 6, 2012 for failure to submit a copy of the CAO's response. **(Doc. 19-1, p. 20)**. It is clear from the record that Plaintiff did not follow the proper procedure in that he did not wait for a response from the CAO before filing an appeal with the ARB. Therefore, Plaintiff did not exhaust the August 2, 2012 grievance. It appears as if another grievance was filed regarding the same incident on September 12, 2012, although that grievance is not before the Court. **(Doc. 19-1, p. 23).** The ARB returned this grievance on September 28, 2012, again for failure to include the CAO's response. **(Doc. 19-1, p. 23)**. The date clearly shows that the grievance procedure was still in progress on September 26, 2012, when Plaintiff filed his Complaint, and therefore not exhausted.

Finally, Plaintiff filed a grievance based on improper copying fees on June 22, 2012. **(Doc. 19-1, p. 14)**. It is not clear from the documents before the Court that this grievance was specifically directed against Defendant Musgrave, but even assuming that it was, Plaintiff did not receive a copy of the Grievance Officer's Report until October 23, 2012. **(Doc. 19-1, p. 14)**. Therefore, it is clear that this grievance was also not exhausted at the time he filed his Amended Complaint on September 26, 2012.

## IV. Conclusion

Plaintiff's failure to respond to Defendant's dispositive motion acts as an admission to the merits of the motion. Even if the Court overlooked Plaintiff's lack of response, it is clear that he failed to exhaust administrative remedies before bringing the instant suit to federal court. Accordingly, the undersigned **RECOMMENDS** the Court **GRANT** Motion for Summary Judgment **(Doc. 19)**, and Plaintiff's **DISMISS** the case **without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** **Objections to this Report and Recommendation must be filed on or before May 20, 2013.**

**IT IS SO ORDERED**.

**DATED: May 1, 2013**            */s/ Stephen C. Williams*
                                  **STEPHEN C. WILLIAMS**
                                  United States Magistrate Judge